IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID ALLEN MINOR,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**5:06cv75**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Stamp)**

**SGT. THOMAS F. YANERO, WV State Police,**
**RITA ALBURY, WV Division of Corrections,**
**FIRST SERGEANT COLLINS. Regional Jail and Correctional Facility Authority,**
**Mr. Ackerman, Potomac Highlands Regional Jail**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On June 16, 2006, the *pro se* plaintiff, David Minor, initiated this case by filing a complaint under 42 U.S.C. § 1983. On November 16, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Accordingly, an Order to Answer was entered and the Marshall Service was directed to serve the defendants.

On December 4, 2006, the defendant, Rita Albury ("defendant Albury") filed a Waiver of reply and Motion to Dismiss. In addition, she filed a Memorandum in support of her Motion to Dismiss. On December 7, 2006, a Roseboro Notice was issued. On December 8, 2006, the defendants, John King, Sergeant Collins, and Counselor Ackerman ("regional jail defendants") filed a Motion to Dismiss, and in the Alternative, for Summary Judgment. On December 11, 2006, a second Roseboro Notice was issued. On December 28, 2006, the plaintiff filed a Motion asking the court not to dismiss the case against John King and a separate Motion asking the court not to dismiss the case against Sergeant Collins. On January 16, 2007, the defendant, Thomas Yanero ("defendant Yanero") filed an Answer

to the Complaint. On January 18, 2007, the plaintiff filed two letters, which were docketed together as Motions not to dismiss his complaint.

## II. The Pleadings

### A. The Complaint

The plaintiff has two separate and distinct claims in his complaint. First, he alleges that defendant Yanero violated his civil rights by maliciously assaulting him and using unnecessary excessive force which resulted in a broken middle finger and other injuries. In addition, the plaintiff alleges that defendant Yanero refused to transport him to the hospital, but rather, simply released him. The plaintiff's second claim is against the remaining defendants and centers on his allegation that they violated his constitutional rights by housing him in the Regional Jail as opposed to placing him in a Division of Corrections ("DOC") facility. As relief, the plaintiff seeks $1,000,000 against each defendant and an additional $500,000 against each defendant for punitive damages.

### B. The Defendants' Responses

#### Rita Albury

Defendant Albury, has waived a reply to the complaint, but has filed a Motion to Dismiss with supporting memorandum. As grounds for dismissal, defendant Albury alleges:

1. The complaint fails to state a claim upon which relief can be granted against her;

2. She is entitled to qualified immunity; and

3. Prospective relief is not proper.

#### John King, First Sergeant Collins, and Counselor Ackerman

In support of their Motion to Dismiss, and in the Alternative for Summary Judgment, the regional jail defendants assert the following:

1. The plaintiff has failed to exhaust his administrative remedies by appealing the Level II

2

decision to its final Level, III;

    2. The plaintiff has failed to state a claim upon which relief may be granted because the Regional Jail Authority is powerless to provide the relief sought;

    3. No genuine issue of material facts exists and no credible evidence supports the plaintiff's claims;

    4. The plaintiff's claim is barred by the 11th Amendment to the United States Constitution and the <u>Will</u> Doctrine; and

    5. The plaintiff's claims are barred by the doctrine of Qualified Good Faith Immunity.

**<u>Sergeant Thomas Yanero</u>**

In his answer to the plaintiff's complaint, defendant Yanero asserts the following affirmative defenses:

    1. The plaintiff's complaint fails to state a cause of action upon which relief may be granted;

    2. As to plaintiff's first claim, he denies any and all allegations contained in the complaint and demands strict proof thereof. As to plaintiff's second claim, to the extent that any of those allegations are against him, he is without specific information or knowledge to admit or deny such allegations and therefore denies the same and demands strict proof thereof.

    3. He is privileged and acted within the scope of his lawful authority in all actions taken by him;

    4. The plaintiff's conduct was the competent producing cause of his injuries or damages, if any;

    5. The conduct of another person or entity was the competent producing cause of the plaintiff's injuries or damages, if any;

    6. He is entitled to immunity from any award of damages because he did not cause the deprivation of any clearly established constitutional rights, civil rights, or privileges of the plaintiff;

    7. He is entitled to qualified immunity, absolute immunity, statutory immunity, quasi judicial immunity, and asserts that the plaintiff is guilty of contributory and/or comparative negligence, and failure to mitigate damages;

    8. He is immune from any state law causes of action under the laws of the United States of

America and the State of West Virginia;

9. He acted reasonable and in good faith under the circumstances and is therefore, immune from liability;

10. He did not violate any clearly established right of the plaintiff and is therefore, entitled to qualified immunity;

11. He is immune from liability pursuant to West Virginia's Governmental Tort Claims and Insurance Reform Act, codified at West Virginia's Code § 29-12A-1 *et seq.*;

12. The plaintiff's claim for punitive damages violates the laws of the State of West Virginia and the United States;

13. He did not violate the plaintiff's constitutional rights and is therefore immune from his claims;

14. He asserts privilege, immunity, comparative and/or contributory negligence, assumption of risk, statute of limitations, collateral estoppel and res judicata; and

15. He reserves the right to raise and any all further defenses which may arise during the course of this litigation.

### III. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for *pro se* complaints raising civil rights issues).

**B. Summary Judgment**

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt

rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Analysis

**A. Rita Albury's Motion to Dismiss**

Qualified immunity is an affirmative defense. Bryant v. Muth, 994 F. 2d 1082, 1086 (4th Cir.), cert. denied, 510 U.S. 996 (1993). Whether a defendant is entitled to qualified immunity can be determined at the motion to dismiss stage of the proceedings. Behrens v. Pelletier, 516 U.S. 299, 309 (1996); see also Jenkins v. Medford, 119 F. 3d 1156 (4th Cir. 1997), cert. denied, 522 U.S. 1090 (1998).

With regard to qualified immunity, the United States Supreme Court has provided that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitgerald, 457 U.S. 800, 818 (1982); Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). Discretionary functions include actions that were "undertaken pursuant to the performance of [the defendant's] duties and [were] within the scope of his authority." Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). For example, the serving of an arrest warrant is a discretionary function. See Miceli v. Apuzzo, 1999 WL 33117077 (D. Me. 1999).

Qualified immunity protects all but "the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335 (1986). To determine whether qualified immunity exists, the court must first determine whether a constitutional or statutory right was deprived, then

6

determine whether the right was clearly established at the time of the violation and whether a reasonable person in the defendant's position would have understood that his actions violated that right. Saucier v. Katz, 533 U.S. 194 (2001); Doe v. Broderick, 225 F. 3d 440, 454-455 (4th Cir. 2000). "Clearly established" does not refer to a general principle of law. Anderson v. Creighton, 483 U.S. 635, 639 (1987). Instead, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id. at 640 (internal citations omitted). Further, the defendant's actions as alleged in the complaint are examined for "objective legal reasonableness." Behrens, supra at 309.

The record before the Court establishes that the plaintiff pleaded guilty on June 28, 2005, in the Circuit Court of Ritchie County, West Virginia, to the felony offense of attempting to operate a clandestine drug laboratory. (Doc. 16, pp. 1, 11). Consequently, the plaintiff was sentenced to confinement in the state penitentiary for a period of not less than two years or more than ten years and fined the minimum amount of $5,000 which is to be paid within one year of his release upon completion of his sentence. (Doc. 16, pp. 12-13). During the plea hearing, the circuit judge noted that the following recommendation should be part of the sentencing order:

> The Court finds that in spite of the overcrowding in the regional jail
> and the Division of Corrections, that with this defendant's history
> it is the court's recommendation, if at all possible, he should be transferred
> to a suitable Division of Corrections facility that has rehabilitative
> services for counseling for alcohol and drug addiction. And also the court is
> concerned that with the current overcrowding at the North Central Regional Jail
> he is not receiving correct medical attention that could be provided in a
> Division of Corrections facility.

7

(Doc. 16, p. 15). The order, which was signed on July 8, 2005, provided that the [plaintiff] was "remanded to the custody of the North Central Regional Jail to be transferred to the rehabilitation unit for drug and alcohol abuse." (Doc. 1-2, p. 11).

The plaintiff filed his instant § 1983 complaint one year after his sentencing, and at the time, was housed in the Potomac Highlands Regional Jail, where he had been moved on November 5, 2005, from the North Central Regional Jail. (Doc. 1-2, p. 12). Therefore, the plaintiff alleges that defendant Albury[1] violated his Fourteenth Amendment rights by failing to honor the sentencing court's recommendation that he be placed in a DOC facility with a rehabilitation unit.

It is well established that an inmate has no right to be housed in a specific institution. Meachum v. Fano, 427 U.S. 2215 (1976). Likewise, an inmate has no constitutionally protected right to rehabilitation. Acree v. Clark, 1986 WL 18023 (4th Cir. Nov. 10, 1986) citing Bowring v. Godwin, 552 F.2d 44, 48 n. 2 (4th Cir. 1977) and Pace v. Fauver, 479 F. Supp. 456 (D.N.J. 1979); see also Khaliq v. Angelone, 2003 WL 21689152 (4th Cir. July 21, 2003) (*per curiam*) (rejecting claims by prisoners held in jails awaiting transfer to state prisons). Because the plaintiff has no right to rehabilitation nor to be housed in a specific institution, he cannot raise an allegation that he has been denied a substantive interest without due process, and his claim that his Fourteenth Amendment rights have been violated because the sentencing judge's order and/or recommendation was not followed is without merit.

Likewise, the plaintiff's claim that his confinement in the Regional Jail amounts to cruel and unusual punishment is without merit. Under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 523 F.2d 118, 125 (2nd Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520 (1979).

---

[1] Ms. Albury is employed by the West Virginia Division of Corrections as the Inmate Movement Coordinator.

Therefore, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, the plaintiff must establish two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison officials acted with "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component is satisfied when there is a denial of "the minimal civilized measure of life's necessities." Rhondes v. Chapman, 452 U.S. 337, 349 (1981).

Here, the plaintiff's allegations of cruel and unusual punishment and deliberate indifference are conclusory, at best. Neither his complaint, nor the "motions" which he filed subsequent to the complaint set forth any facts that establish that the absence of drug and alcohol rehabilitation in the regional jail facilities has deprived him of a basic human need. Therefore the plaintiff has not satisfied the first element necessary to establish a viable claim of cruel and unusual.

Accordingly, because defendant. Albury's conduct did not violate any of the plaintiff's constitutional rights, she is entitled to assert the defense of qualified immunity. Therefore, her motion to dismiss should be granted

**B. Defendants', John King, First Sergeant Collins, and Counselor Ackerman, Motion to Dismiss, and in the Alternative for Summary Judgment.**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion as provided in § 1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 532 (2002).

The West Virginia Regional Jail and Correctional Facility Authority provides all inmates with an administrative grievance procedure by which complaints concerning the conditions of confinement may

be addressed. The grievance process begins when the inmate completes an inmate grievance form and submits that form to the Administrator of the facility. The Administrator will review the grievance, and, if warranted, investigate the complaint and promptly provide the inmate with a written decision. That decision will identify any corrective action taken in response to the grievance and/or the reasons the grievance is denied. An inmate who is dissatisfied with the Administrator's response may appeal that decision to the Chief of Operations. The Chief of Operations reviews the grievance, and the response from the Administrator, and issues a written decision identifying any corrective action taken or the reasons for denying the appeal. If the inmate is dissatisfied with the response from the Chief of Operations, he takes a final appeal to the Office of the Executive Director. Plaintiff must complete all three levels of the process to successfully exhaust his administrative remedies.

Attached to the regional jail defendants' Motion to Dismiss and in the Alternative for Summary Judgment is an affidavit from John L. King, Chief of Operations for the West Virginia Regional Jail and Correctional facility. According to his affidavit, the Inmate Correspondence and Grievance Appeal files establish that the plaintiff never completed all three levels of the grievance process. Therefore, the plaintiff's complaint, at least with respect to his allegation against these three defendants, might be subject to dismissal, without prejudice, for failure to exhaust administrative remedies. However, even if the plaintiff had exhausted his administrative remedies, his complaint fails to state a cause of action against these defendants, and his complaint against them should be dismissed with prejudice.

The plaintiff alleges that these defendants, all employees of the West Virginia Regional Jail and Correctional facility Authority, violated his constitutional rights by not following the sentencing order. As previously noted, the sentencing order from the Circuit Court of Ritchie County, West Virginia, remanded the plaintiff to the custody of the North Central Regional Jail to be transferred to the rehabilitation unit for drug and alcohol abuse. However, the Regional Jails do not have a special drug

or alcohol rehabilitation unit. (Doc. 26-2, p. 3). Furthermore, as happened in this instance, inmates who are sentenced to the custody of the West Virginia Division of Corrections are often temporally housed in the Regional Jail System until such time as the DOC has housing space available to accommodate them. (Id.). However, the Regional Jail System cannot compel the DOC to accept inmates. (Id.). Therefore, these three defendants were powerless to implement the sentencing order. Additionally, for the same reasons fully discussed in analyzing defendant Albury's motion to dismiss, the regional jail defendants are also entitled to the defense of qualified immunity. Therefore, their Motion to Dismiss should be granted, as well.

C. **Answer of Thomas Yanero**

Defendant Yanero is a state police officer and is not an employee of the regional jail. Therefore, the plaintiff could not pursue administrative remedies with regard to the actions allegedly taken by defendant Yanero, and his complaint against defendant Yanero is not subject to dismissal for failure to exhaust administrative remedies.

Although it is not clear from either the complaint nor defendant Yanero's answer, it appears from the attachments submitted by the plaintiff, that his allegations against defendant Yanero stem from a traffic pursuit that took place on March 21, 2004, that ended with the plaintiff's arrest. The plaintiff alleges that his right middle finger was broken and that he suffered other injuries, as well. The plaintiff also alleges that he was refused admission to the jail as a result of his injuries and that defendant Yanero simply released him rather than transport him to the hospital.

The Fourth Amendment applies to claims that police used excessive force in making an arrest. Graham v. Connor, 490 U.S. 386, 394-95 (1989); Riley v. Dorton, 115 F. 3d 1159, 1161 (4th Cir. 1997). In order to state a claim of excessive use of force under the Fourth Amendment, the individual must show he was seized and that the force used was objectively unreasonable. Graham,

495 U.S. at 395-96. A seizure occurs when "the officer, by means of physical force or show of authority, has in some way restrained the liberty of an individual." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). The Supreme Court has provided guidance in determining whether the use of force was reasonable. Specifically, three factors should be examined "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting arrest or attempting to arrest by flight." Graham, 490 U.S. at 396. *See also* Park v. Shifflet, 250 F. 3d 843 (4th Cir. 2001).

Clearly, there is a question of fact as to whether plaintiff's claim of excessive force has merit,[2] and therefore his claim against defendant Yanero cannot be dismissed. Moreover because defendant Yanero has filed an answer to the complaint, but no dispositive motions, the undersigned recommends that this Court issue a scheduling Order setting forth discovery deadlines and dispositive motion filings as to this claim.

### D. **Plaintiff's Motion for Injunctive Relief**

On January 9, 2007, the plaintiff filed a Motion in which he seeks a preliminary injunction prohibiting his return to the Potomac Highlands Regional Jail or the North central Regional Jail until his case is over.

The standard for preliminary injunctions in the Fourth Circuit is established by Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Four factors must be considered:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is

---

[2]The undersigned notes that the record contains an incident report from an LPN on duty at the regional jail shortly after midnight on March 22, 2004, when the plaintiff was brought for incarceration. The incident report indicates that the plaintiff was refused admission and was to be taken to the hospital to be cleared for incarceration. The report further notes that his "right hand third digit knuckle was swollen twice the size of same finger on opposite hand. Also complaints of reinjury to right inguina hernia surgery he had stated he had three months ago." (Doc. 1-2, p. 2).

12

denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

Inasmuch as the undersigned is recommending that the plaintiff's detention in the regional jail did not violate his constitutional rights and the defendants involved in that claim be dismissed, there is no liklihood that the plaintiff will succeed on the merits. Furthermore, a review of the record in this case shows that the plaintiff was transferred to the custody of the DOC in February of 2007, when he was sent to the Stevens Correctional Center in Welch, West Virginia. Therefore, because the relief sought in the motion is specific to the Regional Jail and Correctional Facility Authority, and the plaintiff is no longer in its custody, the plaintiff's motion is now moot.

**E. Plaintiff's Motion to File a Complaint**

On December 26, 2006, the plaintiff file a motion seeking leave to file a complaint against the Potomac Highland Regional Jail for interfering with the delivery of his mail. The undersigned has interpreted this as a Motion to Amend.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. In the instant case, defendant Albury had

already filed her Motion to Dismiss before the plaintiff filed her motion to amend, therefore the plaintiff cannot amend without leave of Court.

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

The Potomac Highland Regional Jail is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.") Accordingly, even if the plaintiff were permitted to amend his complaint to add a claim against the Potomac Highland Regional Jail, the same would be subject to summary dismissal.

## V.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) defendant Albury's Motion to Dismiss (Doc. 21) be **GRANTED** and she be dismissed as a defendant in this action;

(2) defendants, John King's, Sergeant Collins' and Counsel Ackerman's joint Motion to Dismiss and in the alternative for Summary Judgment (Doc. 26) be **GRANTED**, and they be dismissed as defendants in this action;

(3) plaintiff's excessive force claim against defendant Yanero proceed, and the Court issue a scheduling Order as to that claim;

(4) plaintiff's Motions (Docs. 35, 36, 37) not to dismiss be **DENIED** inasmuch as they relate to his claims against defendants Albury, King. Ackerman and Collins;

(5) plaintiff's Motion (Doc. 43) not to dismiss be **DENIED** as to defendant's Albury, King, Ackerman, and Collins and be **GRANTED** as to defendant Yanero;

(6) plaintiff's Motion (Doc. 39) for a preliminary injunction be **DENIED**.

(7) the plaintiff's Motion (Doc. 34) to amend his complaint be **DENIED** because the Potomac Highland Regional Jail is not a proper defendant in a §1983 action.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: January 10, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE