IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID ALLEN MINOR,

    Plaintiff,

v.                                Civil Action No. 5:06cv75
                                  (Judge Stamp)

SGT. THOMAS F. YANERO,
RITA ALBURY, JOHN KING,
FIRST SERGEANT COLLINS,
COUNSELOR ACKERMAN,

    Defendants.

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTED COUNSEL

On June 16, 2006, *pro se* plaintiff, David Minor, filed the above-styled action pursuant to 42 U.S.C. §1983. On February 23, 2007, he filed a second motion for appointment of counsel. In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

Consistent with the ruling on his first motion to appoint counsel, the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances that

would require the assistance of a trained practitioner. Accordingly, the plaintiff's motion for appointment of counsel (Doc. 50) is hereby **DENIED**.

IT IS SO ORDERED.

The Clerk of the Court is directed to send a copy of this Order to the *pro se* plaintiff and any counsel of record.

DATED: January 10, 2008

  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE