IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID ALLEN MINOR,

    Plaintiff,

v.                                                                 Civil Action No. 5:06CV75
                                                                           (STAMP)

SERGEANT THOMAS F. YANERO,
West Virginia State Police,
RITA ALBURY, West Virginia
Division of Corrections,
FIRST SERGEANT COLLINS,
Regional Jail and Correctional
Facility Authority and
MR. ACKERMAN, Potomac Highlands
Regional Jail,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On June 16, 2006, the pro se[1] plaintiff, David Minor, filed a complaint pursuant to 42 U.S.C. § 1983. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. By order entered on November 16, 2006, the magistrate judge, after conducting a preliminary review of the file and determining that summary dismissal was not appropriate at that time, directed the defendants to file an answer. Subsequently, the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

plaintiff filed a motion seeking to add Potomac Highland Regional Jail as a defendant. The plaintiff also filed a motion for a preliminary injunction.

In response to the magistrate judge's November 16, 2006 order, defendant Rita Albury ("Albury") filed a waiver of reply and motion to dismiss. On December 7, 2006, a <u>Roseboro</u> notice was issued informing the plaintiff that he had thirty days in which to file a response. The plaintiff's response, styled "Motion to the Court," was filed on December 26, 2006.

On December 8, 2006, defendants John King ("King"), Sergeant Collins ("Collins"), and Counselor Ackerman ("Ackerman") filed a motion to dismiss, or, in the alternative, for summary judgment. A second <u>Roseboro</u> notice was then issued. The plaintiff filed three responses to the second Roseboro notice--a motion asking the court not to dismiss the case against King, a motion asking the court not to dismiss the case against Collins, and a motion asking the court not to dismiss the case against Ackerman. Additionally, on January 18, 2007, the plaintiff filed two letters, which were docketed together as motions not to dismiss his complaint.

On January 16, 2007, defendant Thomas Yanero ("Yanero") filed an answer to the complaint. He did not, however, file any dispositive motions.

After reviewing the parties' pleadings, the magistrate judge entered a report and recommendation on January 11, 2008, in which

2

he recommended that the plaintiff's complaint be dismissed against Albury, King, Collins, and Ackerman, but that it proceed against Yanero. The magistrate judge also recommended that the plaintiff's motion to amend and motion for preliminary injunction be denied. In the report and recommendation, the magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this report. The time for objections has passed, and no objections have been filed. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II.  Facts

### A.  The Complaint

The plaintiff's complaint asserts two separate claims against the defendants. As to Albury, King, Collins, and Ackerman, the plaintiff alleges that they violated his constitutional rights by housing him in the Regional Jail instead of a Division of Corrections ("DOC") facility with a drug rehabilitation unit, as recommended by the sentencing court. As to Yanero, the plaintiff contends that Yanero violated the plaintiff's civil rights by maliciously assaulting him and using excessive force which resulted in a broken middle finger and other injuries. In addition, the plaintiff alleges that Yanero refused to transport him to the hospital after the plaintiff was refused admission to the jail

3

because of his injuries, and instead, simply released him. As relief, the plaintiff seeks $1,000,000.00 against each defendant and an additional $500,000.00 against each defendant for punitive damages.

B.  The Defendant's Responses

Albury has waived a reply to the complaint but has filed a motion to dismiss with supporting memorandum. As grounds for dismissal, Albury contends that as to her, the complaint fails to state a claim upon which relief can be granted; that she is entitled to qualified immunity; and that prospective relief is not proper.

King, Collins, and Ackerman also filed a motion to dismiss or, in the alternative, for summary judgment. The grounds they have asserted for dismissal include failure to exhaust administrative remedies; failure to state a claim upon which relief may be granted; failure to raise any genuine issue of material fact; sovereign immunity; and qualified good faith immunity.

Although Yanero has filed an answer, he has not filed any dispositive motions. In his answer to the plaintiff's complaint, Yanero has asserted the following affirmative defenses:

> a.  The plaintiff's complaint fails to state a claim upon which relief may be granted;
>
> b.  As to the plaintiff's first claim, he denied any and all allegations contained in the complaint and demands strict proof thereof. As to plaintiff's second claim, to the extent that any of these allegations are against him, he is without specific information or knowledge to admit

4

or deny such allegations and therefore denies the same and demand strict proof thereof;

c. He is privileged and acted within the scope of his lawful authority in all actions taken by him;

d. The plaintiff's conduct was the competent producing cause of his injuries or damages, if any;

e. The conduct of any person or entity was the competent producing case of the plaintiff's injuries or damages, if any;

f. He is entitled to immunity from any award of damages because he did not cause the deprivation of any clearly established constitutional rights, civil rights, or privileges of the plaintiff;

g. He is entitled to qualified immunity, absolute immunity, statutory immunity, quasi judicial immunity, and asserts that the plaintiff is guilty of contributory and/or comparative negligence, and failure to mitigate damages;

h. He is immune from any state law causes of action under the laws of the United States of America and the State of West Virginia;

i. He acted reasonably and in good faith under the circumstances and is therefore, immune from liability;

j. He did not violate any clearly established rights of the plaintiff and is therefore, entitled to qualified immunity;

k. He is immune from liability pursuant to West Virginia's governmental tort claims and Insurance Reform Act, codified at West Virginia Code § 29-12A-1, <u>et seq</u>.;

l. The plaintiff's claim for punitive damages violates the laws of the State of West Virginia and the United States;

m. He did not violate the plaintiff's constitutional rights and is therefore immune from his claims;

n.  He asserts privilege, immunity, comparative and/or contributory negligence, assumption of risk, statute of limitations, collateral estoppel and res judicata; and

o.  He reserves the right to raise and any further defenses which may arise during the court of this litigation.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because none of the parties filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

A.  Due Process and Cruel and Unusual Punishment Claims

The plaintiff alleges that by failing to follow the sentencing court's recommendation that the plaintiff be placed in a correctional facility with a rehabilitation unit for drug and alcohol abuse, defendants Albury, King, Collins, and Ackerman violated the plaintiff's due process rights under Fourteenth Amendments and his right to be free from cruel and unusual

6

punishment under the Eighth Amendment.  The magistrate judge found that Albury is entitled to qualified immunity and recommended that Albury's motion to dismiss be granted.  As to King, Collins, and Ackerman, the magistrate judge concluded that the plaintiff failed to exhaust his administrative remedies; that the complaint fails to state a cause of action against these defendants; and that these defendants, like Albury, are entitled to qualified immunity. Accordingly, the magistrate judge recommended that the motion by these defendants to dismiss or, in the alternative for summary judgment, be granted and that King, Collins, and Ackerman be dismissed as defendants in this action.

1. <u>Defendant Albury</u>

Qualified immunity protects government officials who are performing discretionary duties from liability for civil damages unless the official's conduct violates clearly established rights of which a reasonable person would have known under the circumstances. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  To determine whether a defendant is entitled to qualified immunity, a court must, as a threshold matter, determine whether a constitutional or statutory right was deprived.  If there was no deprivation of such a right, then a defendant is entitled to qualified immunity and the Court need not inquire further.

In this case, no such deprivation occurred.  An inmate has no right to be housed in a specific correctional facility. <u>Meachum v.</u>

7

Fano, 427 U.S. 215 (1976). Nor does an inmate have a right to rehabilitation. Bowring v. Godwin, 551 F.2d 44, 48 n.2 (4th Cir. 1977). Thus, to the extent that the plaintiff's complaint rests upon an alleged due process violation because Albury did not place him in a DOC facility with a rehabilitation unit, his claim must fail.

Similarly, the plaintiff has failed to demonstrate that the absence of drug and alcohol rehabilitation programs in the facility where he is incarcerated constitutes cruel and unusual punishment. The Eighth Amendment entitles prisoners to adequate food, clothing, shelter, sanitation, medical care, and personal safety. To raise an Eighth Amendment claim, a plaintiff must first establish that he has been deprived of a basic human need. Wilson v. Seiter, 501 U.S. 294, 298 (1991).[2] Here, the plaintiff has failed to establish that his inability to participate in a drug rehabilitation program has deprived him of a basic human need.

The plaintiff's failure to demonstrate that Albury violated any of his constitutional protections entitles her to qualified immunity. Accordingly, this Court finds that defendant Albury's motion to dismiss should be granted and that she should be dismissed from this action.

---

[2] Once the plaintiff establishes the deprivation of a basic human need, the plaintiff must then demonstrate that the deprivation was objectively sufficiently serious and that prison officials acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991)

2.  <u>Defendants King, Collins, and Ackerman</u>

The plaintiff's complaint alleging constitutional violations by King, Collins and Ackerman also must be dismissed because the plaintiff failed to exhaust his administrative remedies; his complaint fails to state a claim upon which relief may be granted; and these defendants are entitled to qualified immunity.

a.  <u>Administrative Exhaustion</u>

Inmates are required to exhaust all available administrative remedies before bringing a claim in federal court to challenge their conditions of confinement. Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"); <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). According to the record, the West Virginia Regional Jail and Correctional Facility Authority provides all inmates with a three-tiered administrative grievance procedure. The plaintiff pursued his grievance only through two of the three tiers. As a result, he failed to exhaust his administrative remedies, and the complaint against King, Collins and Ackerman must be dismissed.

b.  <u>Failure to State a Claim</u>

Even if the plaintiff had met the exhaustion requirement, however, his complaint against King, Collins, and Ackerman must be dismissed because it fails to state a claim upon which relief may granted. King, Collins, and Ackerman are employees of the West Virginia Regional Jail and Correctional Facility Authority. The

9

plaintiff was assigned to the North Central Jail until such time as he could be transferred to a DOC facility with a drug rehabilitation unit. Because the facilities within the Regional Jail system do not have drug rehabilitation units and because Regional Jail facilities lack authority to compel the DOC to accept inmates, King, Collins, and Ackerman were and are powerless to implement the sentencing court's order. For this reason, relief may not be granted for the plaintiff's claim against these defendants. Because the complaint against King, Collins and Ackerman fails to state a claim upon which relief may be granted, it must be dismissed as to these defendants.

    c.    Qualified Immunity

King, Collins, and Ackerman are also entitled to qualified immunity. The plaintiff has raised the same constitutional claims against these defendants as against Albury. For the reasons set forth above in the analysis of Albury's motion to dismiss, the plaintiff's claims against King, Collins, and Ackerman must fail because they are protected by the defense of qualified immunity.

This Court agrees with the magistrate judge's findings and concludes that the defendants' motion to dismiss must be granted and King, Collins and Ackerman dismissed from this action because the plaintiff failed to exhaust his administrative remedies, the plaintiff failed to state a claim upon which relief may be granted, and the defendants are entitled to qualified immunity.

B.  Excessive Force Claim

The second cause of action the plaintiff raises in his complaint is an excessive force claim, which he raises only against Yanero.  The magistrate found that questions of fact exist concerning whether Yanero used excessive force, and that, therefore, the claims against him cannot be dismissed at this stage of the proceedings.

To state an excessive force claim under the Fourth Amendment, a plaintiff must show that he was seized and that the force used was objectively unreasonable.  Graham v. Connor, 490 U.S. 386, 395-96.  Three factors determine whether the force used in an arrest was reasonable: "the severity of the crime at issue; whether the suspect poses an immediate threat to the safety of the officers or other; and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 396.  Based upon the record before this Court, question of facts remain concerning the degree of force Yanero used when he arrested Minor and the context in which the use of force occurred.  Accordingly, this Court concludes that the complaint against Yanero cannot be dismissed.

C.  Remaining Motions

The plaintiff has filed a number of pleadings to which the magistrate judge's report refers collectively as "motions not to dismiss."  The magistrate judge recommended that all of the motions to dismiss (Docs. 35, 36, 37) except for the one that applies to

11

all defendants (Doc. 43) be denied and that the motion to dismiss that applies to all defendants (Doc. 43) be granted insofar as it applies to Yanero but denied insofar as it applies to Albury, King, Collins, and Ackerman.

The plaintiff also filed a motion for a preliminary injunction (Doc. 39), which the magistrate judge recommended be denied as moot because the plaintiff sought injunctive relief against the Regional Jail and Correctional Facility Authority, which no longer holds the plaintiff in custody.

Finally, the magistrate judge recommended that this Court deny the plaintiff's motion to amend his complaint to add the Potomac Highland Regional Jail as a defendant (Doc. 34) because that entity is not a person subject to suit under 42 U.S.C. § 1983.

Following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the plaintiffs' motions not to dismiss, the plaintiff's motion to amend his complaint, and the motion for a preliminary injunction be affirmed and adopted.

## V. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's report and recommendation should be and is hereby AFFIRMED AND ADOPTED in its entirety. Accordingly, it is

ORDERED that the motion to dismiss by defendant Rita Albury (Doc. 21) be GRANTED and that she be DISMISSED as a defendant in this action.  It is further ORDERED that the joint motion to dismiss by defendants John King, First Sergeant Collins, and Mr. Ackerman (Doc. 26) be GRANTED and that they be DISMISSED as defendants in this action.  It is further ORDERED that the plaintiff's motions not to dismiss certain defendants (Docs. 35, 36, 37) be DENIED and that the plaintiff's motion not to dismiss all defendants (Doc. 43) be DENIED insofar as it relates to his claims against defendants Albury, King, Collins, and Ackerman but GRANTED insofar as it relates to his claims against defendant Yanero.  Under separate order, this Court will issue a scheduling order setting forth discovery deadlines and dispositive motion filings for the proceedings in the complaint against Yanero.  It is further ORDERED that the plaintiff's motion for a preliminary injunction (Doc. 39) be DENIED and that the plaintiff's motion to amend his complaint (Doc. 34) be DENIED.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

    DATED:    March 26, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE